JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 22-00690-DOC-JDE            Date: April 12, 2022

Title: AARON N. BALDARO ET AL. V. GEORGE EDWARD BOSTON

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DISMISSING CASE SUA SPONTE FOR IMPROPER REMOVAL**

       On May 3, 2021, Plaintiff American Express National Bank filed its Complaint in Orange County Superior Court. *See* Ex. C, Docket Sheet (Dkt. 1). After default was entered against Defendant George Edward Boston ("Defendant") in June 2021, the Clerk entered default judgment against Defendant on June 24, 2021. *Id.* The state court appears to have ruled against Defendant on his motion to set aside the default judgment, and an Abstract of Judgment was issued on February 3, 2022. *Id.*

       Defendant removed the case to this Court on March 30, 2022 (Dkt. 1). In his notice of removal, Defendant makes a series of claims attacking the impartiality of the state court judge, subject matter jurisdiction in state court, and potential conflicts of interests. *Id.*

       Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. A federal court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00690-DOC-JDE                                       Date: April 12, 2022
                                                                      Page 2

may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, Fed. R. Civ. P. 12(h)(3), or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

Here, Defendant's attempt at removal is untimely: the state case was filed almost a year ago, and Defendant suggests no recently-arisen facts creating federal jurisdiction that would make removal timely. In addition, the underlying case does not appear to implicate either federal question jurisdiction or diversity jurisdiction. Finally, the underlying case has concluded, as default judgment has been entered against Defendant. Defendant must seek recourse in the underlying state case. Accordingly, this case is DISMISSED WITH PREJUDICE.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: kdu

MINUTES FORM 11
CIVIL-GEN